## THE EMELINE.

(Circuit Court of Appeals, Second Circuit. December 12, 1916.)

No. 93.

COLLISION ⇐71(2)—MOVING AND ANCHORED VESSEL—FAULT.

A steam canal boat, proceeding up the Hudson river at night, pushing four other boats ahead of her, *held* to have properly anchored as far to one side of the channel as she could safely go when a dense fog came on, and a collision between a moving steamer and one of the boats in the tow, although the canal boat was regularly sounding her bell, *held* due solely to the fault of the moving vessel.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 101.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the F. W. Jarvis Company against the steamer Emeline; David C. Woolsey, claimant. Decree for libelant, and claimant appeals. Affirmed.

The decree holding the steamer Emeline at fault for the collision which occurred between her and the canal boat Oneida on the morning of October 3, 1914, a dense fog prevailing at the time. The collision occurred in Haverstraw Bay, Hudson river, just north of Bowlines Point.

Peter Alexander, of New York City, for appellant.

Pierre M. Brown, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. On October 3, 1914, the steam canal boat Tuscarora, with four other canal boats in tow, was proceeding up the Hudson river, the steamer pushing the other boats before her. The extreme length of the flotilla was about 250 feet. At 1:30 a. m., the weather became so foggy that the Tuscarora brought the boats to anchor on the westerly side of the Hudson not far from Bowlines Point. The Emeline, which collided with the canalboat, is a small side wheel steamer about 172 feet in length and was engaged in local trade between Haverstraw and Newburgh.

The Oneida was struck by the Emeline while she, the Oneida, with the rest of the flotilla, was at anchor, the Emeline alone being under way. There is, therefore, a heavy burden upon the Emeline to show that she was not at fault for the collision. The case presents only a question of fact and the District Judge's finding should not be disturbed by us unless we are clearly convinced that he was in error. The flotilla being towed by the Tuscarora encountered a mist or light fog while passing through Haverstraw Bay and it was concluded that safety required that she should anchor until the weather cleared. This was done and the boats came to anchor on the westerly side of the river, a short distance above Peck's Dock. The collision occurred between 7 and 8 o'clock on the morning of October 3, 1914, the Oneida being at anchor and the Emeline under way. The fog continued and

grew thicker. We think the Tuscarora was justified in coming to anchor. She had a large, unwieldy tow and there was danger in proceeding. We are of the opinion, therefore, that she took the wise and prudent course in anchoring until the fog lifted. Having done so she omitted no precaution and took all necessary steps to inform other vessels of her position.

There is no reason why the libelant's witnesses should not be credited and they testify that after they came to anchor the bell on the Tuscarora, which was above the engine room, was regularly sounded and was heard by passing vessels. It is true that those on the Emeline testify that they did not hear these signals but this simply presented a question of fact which was found by the judge in favor of the libelant. Negligence cannot be predicated of the action of the tug and tow in coming to anchor where and when they did. Prudence demanded that they should stop and not attempt to navigate such an unwieldy tow while the fog continued. Prudence having indicated the necessity for stopping, the place chosen for doing so was as far as it was safe to go from the center of the navigable channel. We are unable to conclude that the District Court was in error in finding that the Tuscarora was not guilty of negligence. By a process of exclusion we thus reach a consideration of the navigation of the Emeline. She was a small side wheel steamer about 170 feet in length and easily handled. It was her duty to proceed with great caution in such a dense fog. Her master was required to recognize the necessity of navigating with great care and to act accordingly. There was ample room for the Emeline to pass the anchored flotilla had she been handled with the skill which the situation demanded. She should have been so well in hand that the moment she discovered the Tuscarora and her tow at anchor she could have stopped before actually coming into contact with the Oneida or any of the tow. Ordinary prudence and skill would have avoided collision with any of the anchored boats. The Grand Manan (D. C.) 208 Fed. 583; The Strathleven, 213 Fed. 975, 130 C. C. A. 381. In short, the Emeline collided with a boat at anchor in a fog and has offered no reasonable excuse for so doing.

The decree is affirmed with costs.

⬉⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes